**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Jeffrey M. Gray
Janette L. Gray

       v.                              Civil No. 08-cv-443-PB

Lisa A. Sorenson
Scott L. Sorenson


## O R D E R


Plaintiffs move to compel answers to their final set of interrogatories.  Defendant objects on the basis that any incompleteness, tardiness or omission is harmless.

### Background

After six years of involved battles in two states, plaintiffs lost custody of their minor children to defendant. They have been subject to state court orders prohibiting them from harassing plaintiff.  They have now brought this federal action.  The case has been removed from the trial list and was previously subject to an order prohibiting filings.

On December 15, 2009, Judge Barbadoro entered an order prohibiting further court filings until he ruled on a pending motion to dismiss.  Plaintiffs then served six interrogatories, which were not answered until February 23, 2010, more than thirty

days after service of the interrogatories, but only eight days
after Judge Barbadoro's order denying the motion to dismiss
without prejudice.  It was certainly reasonable to assume that
the stay order also stayed discovery, particularly since the case
was removed from the trial docket.  I find that any delay in
answering is excusable.

Plaintiffs also complain about the substantive answers to
interrogatories.  They are considered in order.

A.    Interrogatory No. 2

2.    **State your name, mailing address, location
      address; include the location of plaintiff's
      minor children's location address.**

**ANSWER:**
**Lisa & Scott Sorenson**
**P.O. Box 916**
**Biddeford, Maine 04005**

Plaintiffs argue that the location address of defendant and
the minor children should have been provided because their third
amended complaint alleges a residential address.  The relevance
arguments are without merit.  Considering that plaintiffs are
enjoined from contact, defendant is justified in not supplying
any residential answers.  Motion denied as to No. 2.

B.    Interrogatory No. 3

3.    **With respect to each cell phone and/or land**

2

line telephone you had during the period of
January 1, 2006 to June 30, 2006, please
state:

a)    Whether a cell phone or a land line;
b)    Telephone number;
c)    Name of the telephone service provider;
d)    Attach hereto copies of all complete
      telephone bills for that period of time.

ANSWER:
a)    During the time period January 1, 2009
      to June 30, 2006, we had a pay-as-you-go
      cell phone which generated no records
      and a land line [207-282-3421] shared
      with other persons not party to this
      matter.
b)    207-282-3421 land line
c)    Time Warner - digital service
d)    There are no records from the cell phone
      and the landline information is
      confidential as to the other party and
      can not be shared with Plaintiff.

Plaintiffs have failed to show the relevance of any
information beyond that which was provided.  The motion is denied
as to No. 3.  Whether or how interrogatories may have been
answered in state court may be fruit for cross-examination but it
is not a basis to compel parties to change federal discovery
answers.  Denied.

C.    Interrogatory No. 4

4.    If you contend that you have a legal, state
      constitutional right and or federal
      constitutional right and superior right over

3

> the plaintiff's parental custodial rights to
> make decisions concerning the care, custody
> and control over the plaintiff's minor
> children state and identify all facts and
> legal basis on which you base that
> contention.

**ANSWER:**
> See Consolidated Guardianships of Jonathon
> and Leeanna Gray, Docket Nos. 2006-0087 &
> 2006-0088 York Probate Court, Alfred, Maine.

Reference to a state court proceeding which determined custodial rights is a more-than-adequate answer.  Denied.

D.   Interrogatories 5, 6, and 7

> **5.**   Please identify all witness [*sic*] you intend
> to call at trial.  In answering this
> interrogatory identify fully, giving the
> witness' name, mailing address, location
> address, telephone number, employer,
> affiliation, if any, to the parties, the
> substance of their testimony and the source
> of their knowledge on same.

> **ANSWER:**
> At this time, Defendant has not identified
> which witnesses would be called for any
> hearing if this matter is not dismissed.

> **6.**   State the name and address of each person
> whom you intend to call as an expert witness
> at trial in this case, identify fully, giving
> name, residence and business address and all
> other pertinent information concerning each
> person whom you expect to call as an expert
> witness at the trial or the above-captioned
> case.

4

**ANSWER:**
　　　See answer to #5.

7.　　With reference to each person inquired of in the previous interrogatory, please state the following:

　　　a)　　The subject matter on which each expert is expected to testify;
　　　b)　　The substance of the facts and opinions to which each expert is expected to testify;
　　c)　　The summary of the grounds of each opinion for each expert;
　　d)　　The experience, education, background and training of each expert.  With respect to each such expert, state whether or not written reports were prepared and or submitted to anyone, identify who the report was submitted to, and attach a copy of such report.

**ANSWER:**
　　　See answer to #5.

The answer to #5 is sufficient since the parties do not need to make this decision until filing the final pretrial statement. The only "Pretrial Order" I found on the docket was Document No. 31, which required plaintiffs to make expert disclosures by October 1, 2009, and defendant by November 1, 2009.  If the parties did not make disclosures then, it is too late to do so absent a further court order.  Therefore, interrogatory #6 and interrogatory #7 are moot either because the information was

5

provided on November 1, 2009, or because it is too late.  Denied.

      **SO ORDERED.**

                    James R. Muirhead
                    United States Magistrate Judge

Date: April 2, 2010

cc:    Jeffrey M. Gray, *pro se*
       Janette L. Gray, *pro se*
       Daniel D. Lustenberger, Esq.