```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jeffrey M. Gray, et al.**

    **v.**                           Case No. 08-cv-443-PB

**Lisa Sorenson and**
**Scott Sorenson**

### O R D E R

This case arises from a series of actions filed in New Hampshire and Maine state courts that affected the custody of plaintiffs Jeffrey and Jeanette L. Gray's minor children.

The following facts are drawn from plaintiffs' complaint and certified copies of court documents:

(1) On October 15, 2004, a justice of the Salem District Court Family Division awarded temporary physical custody of the children to their aunt, Lisa Sorenson;

(2) On January 27, 2006, the New Hampshire Supreme Court determined that the Family Division lacked the power to award custody to the aunt;

(3) On January 31, 2006, Sorenson filed a guardianship petition in the York County Probate Court seeking to be appointed guardian of the children under Maine law;

(4) On February 10, 2006, the Probate Court awarded Sorenson temporary guardianship of the children;

(5) On February 27, 2006, the Salem Family Division ceded jurisdiction over the custody issue to the State of Maine;[1]

(6) On May 1, 2006, the Probate Court granted Sorenson's request for permanent guardianship; and

(7) On January 9, 2007, the Maine Supreme Judicial Court affirmed the guardianship award.[2]

The plaintiffs have sued Lisa Sorenson and her husband, Scott, on several different theories. Their claims are novel and appear to suffer from significant defects. First, all of their claims are based on the premise that Lisa Sorenson unlawfully interfered with the plaintiffs' right to physical custody. Because Maine's courts have determined that Sorenson has been entitled to custody of the children since at least February 10, 2006, it appears that plaintiffs are collaterally estopped from

---

[1] Jeffrey Gray briefly obtained custody of the children on April 10, 2006, pursuant to an order issued by the Biddeford District Court. The court later rescinded its order on April 27, 2006, and Sorenson lost custody of the children on May 2, 2006, after the Probate Court order was registered in New Hampshire.

[2] The New Hampshire Supreme Court later affirmed this ruling in an unpublished order.

arguing otherwise in this action. If this is true, none of plaintiffs' claims can survive to the extent that they are based on conduct that occurred after February 10, 2006.

Second, I cannot find case law to support plaintiffs' claims for intentional and negligent interference with custodial rights (Count I), unlawful intentional harassment (Count II), false imprisonment (Count III), abduction (Count IV), and conspiracy to interfere with custodial rights (Count VII). While the New Hampshire Supreme Court has recognized the tort of intentional interference with custodial rights in certain limited circumstances, see, e.g., Plante v. Engel, 124 N.H. 213 (1983), the court has not extended the tort to cover claims in which the defendant has obtained custody pursuant to a state court order. Further, the court has not recognized a claim for negligent interference with custody under any circumstances, and it has not recognized causes of action for abduction, harassment, or false imprisonment under the circumstances presented by this case.

Before plaintiffs will be permitted to proceed further with this litigation, they must address the issues I have raised in this order. Accordingly, on or before October 15, 2010, plaintiffs shall file a memorandum of law showing cause as to why

(1) partial summary judgment should not be awarded to the defendants to the extent that any claim purports to be based on conduct that occurred after February 10, 2006, and (2) an order should not be entered dismissing plaintiffs' claims for negligent harassment and intentional interference with custody, abduction, harassment, false imprisonment, and conspiracy.  Defendants shall file a responsive memorandum on or before November 15, 2010.

    SO ORDERED.

                                              /s/Paul Barbadoro
                                              Paul Barbadoro
                                              United States District Judge

September 16, 2010

cc:   Jeffrey M. Gray, pro se
      Janette L. Gray, pro se
      Daniel D. Lustenberger, Esq.
      Scott L. Sorenson, pro se